I'm a lawyer in private practice in Roanoke, Virginia. I want to thank the court for appointing me to represent Omar Banks in this interesting appeal. I'd like to, if it pleases the court, focus exclusively in my oral argument on the constructive amendment issue that's addressed in my reply brief. Specifically, that concerns counts 10 and 11. Count 10 being a charge of possession with intent to distribute a certain amount of methamphetamine. Count 11 being a section 924C count is predicated on that. The judge Jones, at the request of the government, instructed the jury that they could find Mr. Banks guilty of count 10 if he either possessed with intent to distribute a certain amount of methamphetamine or they found that he actually distributed that methamphetamine knowingly intentionally. The problem with that is under our precedent, particularly United States v. Randall from 1999. In that case, it was established that those are distinct offenses. They are distinct elements. They may be similar. They may arise from the same... A lot of water has gone over the dam since then. Supreme Court in Mathis would say that's one offense, right? I do not think so, Your Honor. I'm not aware of that. I think it continues to be two offenses. Well, you're right. It would be four offenses because it says manufacturer, possess with intent to distribute, distribute, and one other aspect. But those would all be means to committing of offense. I don't think Mathis would allow that to be four offenses. Your Honor, thank you for the question, Judge Neumeier. Since they haven't made that argument in their brief, the government hasn't, they haven't cited Mathis. No, but we're talking about a constructive amendment. And the fact of the matter is if you are charged with possession with intent to distribute, and the government proves an offense, it has proved its case. Because distributing, you have to possess it with intent to distribute. And Randall was just the flip. Factually, Randall was charged with distribution. And yet, if the evidence shows you only possessed it with intent to distribute, you didn't distribute it. That's assuming they're two offenses. But even if it's two offenses, the flip side is that if you're charged with possession, then if the government shows that you distributed, they have proved possession with intent to distribute. And that's exactly what the court said in 17, in its instruction. It said, it said, advise the jury that he was charged with knowingly intentionally possessed with intent to distribute 50 grams. So it correctly instructed him. And then it said, for you to find him guilty of that offense, the government must prove each of the following beyond a reasonable doubt. So now the court's focusing on a proof. It's not an element. And the court says that he possessed with intent to distribute, or he distributed, which is an accurate statement. And then the jury is asked to find did he possess with intent to distribute? Not distributing. And the jury found yes on the charge. There was no expansion of the offenses. There was no additional proof. There was no new offense added. It seems to me that this is just normal routine stuff that happens in every case. Thank you, Your Honor. That is, with all due respect, that is not how I read instruction 17. And that's not... Why don't you tell me why Mathis allows this? Your Honor, again, since they haven't even briefed Mathis, I'm not well prepared to talk about Mathis. Frankly, I apologize to the court. The fundamental issue is whether there is a different account, right? Where there's an 841A charges four different counts in that provision. That's what you have to conclude, right? That's what this court concluded. No, I'm asking you in the argument. That would be necessary for your argument. Yes, Your Honor. All right. And so you're saying 841A is four different counts. And is there any case that says that since the recent Supreme Court cases on deciding what's a separate offenses and single offenses? I think... We made that statement in Randall. Yes, Your Honor. And of course, the order of proof in that case was totally flipped. In other words, in that case, you were charged with distribution. And obviously, a possession would not be distribution. The distribution would be an added aspect. Yes, Your Honor. Today, we would say it's an added... It's an alternative means, I think. I would not say that, Judge. I don't think... I mean, Randall's very... Your statement there just conflicts with Mathis. Well, again, I guess I'm at a loss here because they briefed it. Well, forget about their briefing. I'm asking you the questions. I know you are, Judge. And I have to, again, apologize for not being up to speed on Mathis. It's my fault, I guess. All right. All right. All right. But I am up to speed on Randall, and that's the law of the circuit in a published decision. And it's clear that these are two distinct offenses. That's not just the Fourth Circuit's position. Every other circuit that has addressed this question has viewed these as two distinct offenses, even though they're part of the same statute. Counsel, if... Yes, Your Honor. Even if that's correct, putting Mathis aside, it is correct, isn't it, that Mathis went from a more narrow offense, distribution, to a more broad one, possession with intent to distribute. And we have, as Judge Niemeyer said, the flip of that here. Is there a Fourth Circuit or any other circuit case that in the opposite of the situation in Randall? I don't know of a case, Your Honor, that's directly on point, that flips, that's on our facts, that flips the way this one does. But I would disagree that it goes from broadening to narrow. I think what Judge Jones did is he broadened the indictment by giving the jury two choices, either find distribution, actual distribution or possession with intent. Let me ask you on that. Yes, Your Honor. The instruction, of course, starts out with just the possession. The court tells the jury that the defendant is charged with possession with intent to distribute 500 grams. Then the court says in order to prove that, the government must show that he possessed with intent to distribute or distributed. Yes, Your Honor. Is that an accurate statement? Yes, Your Honor. Why? I'm sorry. Why? If you distributed, aren't you possessing with intent to distribute? No, not necessarily. That's what Randall said. That's what this court has said. It is not necessarily the same. That's why there are two... I'm not proof of violation. You can distribute drugs without ever possessing drugs. How? You could be a broker, you could be a guard, you could be a supervisor. You're not distributing them. Sure. Well, you're conspired to distribute, but it seemed to me you have to have constructive possession to distribute. In cases... And you have to have constructive possession to possess. And I don't know of any case holding that way, Judge Neumeier. The cases I've said in my brief hold exactly the opposite. There is... They are not overlapping. There's no... You could distribute easily without possessing actually or constructively. Well, let's assume you're correct. How do we handle Cotton, Promise, and Johnson, all of which say it's subject to plan error, even though you argue it's structural? I argue, Judge, thank you, that this is a constructive amendment. Cotton, in those cases, are not constructive amendment cases. Those are indictment error cases, where the indictment leaves out an element and then the judge doesn't instruct on that element. This court has wrestled with the difference between an indictment error such as Cotton and a constructive amendment. And that's Judge King's opinion in Whitfield in 2012, which post-stated Cotton by 10 years. And Judge King there said, the difference between indictment error and a constructive amendment is oftentimes nuanced, but it is substantial. So, a constructive amendment in this circuit is a per se error that must be reversed without question. Whereas an indictment error, leaving out an element of a charge, is not a constructive amendment. What we have here is a trial judge that took a charge, possession with attempts to distribute, and then constructively amended it by instructing on two different charges. He said the jury may find him guilty if it's either possession with attempts to distribute or distribution. So, that's a constructive amendment. This case in multiple, this court in multiple decisions since Cotton, which was way back in 2002, has consistently confirmed the rule that a constructive amendment must be reversed. Counsel, let me... Yes, Your Honor. I have two points. I want to come back to what you just said. But before you get there, this case seems an awful lot like our Moore decision, where, you know, we, in considering we have a constructive amendment, there was two separate forms of murder for hire statute. And the indictment was one of them. The arguments from counsel were all on one of them. The verdict form was all on one of them. But in the charge, kind of like this, the judge also mentioned the second element. And we said under the totality of the circumstances, when you look at everything there, there's no constructive amendment. How is this different than the situation in Moore? Again, I apologize. I'm not familiar with that case. It has not been briefed by the government, I don't believe. But in this case, there's a separate offense that has been added to the indictment by the trial judge. It was the same thing, that you could commit the murder for hiring of the statute by using interstate travel on the one hand, or you could do it by interstate facilities, mail or wire on the other. And so it's really effectively on all fours. Quite frankly, there was more evidence of the uncharged route in Moore here. Here, there's really no evidence of just, I mean, correct potentially that there can be distribution without possession. Assume that's right. There's no evidence whatsoever in the some distribution aside from distribution along with possession with intent to distribute. So, I mean, I don't mean to catch you off guard if that's not something you read. I appreciate there's a bunch of law out there. I don't know them all either. But I would submit to you that's pretty much directly on all fours with this, or at least it seems to me to be that way. Well, thank you. But as recently as this year, in an opinion by Judge Agee, the Fourth Circuit, it's called Simmons. I'm familiar with Simmons. Said that the law of the circuit is that a constructive amendment is per se reversible without preservation. This addresses whether you get to constructive amendment. They found constructive amendment in Simmons. Now, the government didn't argue the point Judge Niemeyer raised, which is whether cotton makes floresca untenable. Yes, Your Honor. And that's been briefed and I haven't gotten to that yet. But before we even get to that issue, Moore tells you there's not a constructive amendment. If we have a language in the charge that arguably adds that's the only thing when you look at the record as a whole that would bring that up. But yeah, again, I'm a little disadvantaged because they haven't briefed Moore, so I'm unfamiliar with it. But here, it's not just adding an element. He's added a distinct offense under Randall. Yeah, maybe that's it. He didn't state it as the offense. He told the jury the offense is possession with intent to distribute. And then he says in proving that the government has to show one, two, and three. And in proving that, he said you could show that if he distributed, he possessed with intent to distribute. Now, in the context of this case, that is not necessarily adding an element. That's just an aspect of proof. He could be saying if the man distributed it, or if he manufactured 10 grams of it, or if he, in other words, the court could have outlined all kinds of evidence based on what was presented, that would satisfy the proof if they believed it. And in this case, he added the one proof item that if he also distributed the methamphetamine, that would satisfy possession with intent to distribute. And the question is, you're saying that's adding an element. I mean, that's adding a new offense where the judge posited it as just a proof aspect. He listed the three elements, and that was one of the proof aspects. Then when he submitted the case to the jury, submitted only possession with intent to distribute. And the jury found yes. So there was no, I mean, I don't think there are separate offenses at all. I think it's as clear as a bell under current jurisprudence that 841A is not four different offenses. We would just never reach that conclusion, I don't think, in today's jurisprudence. But that would be necessary for your argument that 841A defines four separate counts, and with respect to each of those four separate counts, then you have separate counts based on the quantity, which we, of course, we held in promise. The quantities are separate offenses. Judge, I see my time is up. Can I briefly address? Of course, if it's okay with the Chief. Thank you. Here's where we are, I think, just summing up. We have an opinion that's published, a very prominent opinion called Randall from 1999 that says they're distinct offenses. They have not briefed this Mathis argument that Judge Niemeyer is Randall. Let me ask you something. We don't even need Mathis. If I have a statute that says anyone who assaults, kicks, punches, slaps another person is guilty. Are there four offenses there? Yes. And I'd just like to say that this judge did not, Judge Jones did not say, you may, you know, he's charged with possession of the 10th distribution. You may consider, if you find an actual distribution, you may consider evidence of distribution as evidence of possession. That's not what he said. He said, you may find this gentleman guilty as charged if you find either that he distributed or the possessive intent to distribute. He didn't just say you could use it as evidence of possession. He gave them two avenues to convict, and those are two distinct offenses under Randall. Now, I just want to make sure, Mr. Daniel, before you leave, you agree that he was charged with possession with intent to distribute? Yes. All right. That's fine, right? Right. And now, as you assert that when he said you can convict him if he distributed drugs, you think that it broadened, or it doesn't make any difference, the fact that it's a new offense, whether it broadened or not? It did broaden it, but it doesn't make any difference. But I think it did broaden it because it gave two, created two bases for conviction, either an actual possession of the 10th distribution or distribution. So, we went from one offense. May I follow up that question? What if the court instructed the jury, just as you wished, possession with intent to distribute? Yes, Your Honor. And the government only proved three transactions where there was actual distribution. Could the jury find him guilty? The jury could find him guilty if they found the distribution evidence of possession with intent to distribute. That's double talk. I'm trying to ask you, he's charged with possession with intent to distribute. Yes, Your Honor. The only evidence in the case are three distribution acts. Could the jury find him guilty? Well, it depends what the evidence is, but I think distribution, sales, sales of hardcore sales of transactions where the defendant sold and that's all that's proved. Oftentimes, a sale shows possession, evidence of possession. You mean oftentimes, why isn't it always? It isn't because courts... No, in this case, my hypothetical is there are three sales produced. The defendant sold methamphetamine for money three times to the jury. And that's the only proof in the case? Is there a conviction? That's evidence of possession with intent to distribute. That's right. And it's also evidence... How do you distinguish that from the instruction? I'm not sure. I mean, these are not our facts. And I go through that in detail in the reply because they're not our facts. This is not a controlled purchase where the guy shows up and sells it to an informant. They had a lot of testimony of people making purchases. Well, here, that's their merger doctrine argument. But here, there's all sorts of evidence that he possessed methamphetamine outside any kind of supposed distribution. So that merger theory that they were trying to employ just doesn't work. No further questions. This concludes the points of argument. Thank you, Your Honor. Thank you so much, Mr. Beers. Mr. Jones. Thank you, Your Honor. Good morning, and may it please the court. My name is Jonathan Jones, and I'm here on behalf of the United States. Your Honors, I'd like to begin by discussing the constructive amendment questions and some of the issues that were raised during the appellant's argument. I want to begin by noting, I think there was a suggestion that the government had requested this instruction. I want to point out that this instruction was provided by the court. This was not language that the government had requested. But our position is that this is not a constructive amendment of the indictment. I think in particular, given the specific context of this case. So I think there's been a suggestion by the appellant that there are theoretical circumstances where distribution could occur without actual possession. And that may be true. Well, I have a hard time following that because if you distribute without possessing, you would still have to have constructive possession to distribute. It would have to somebody under your direct control, you tell them, hand it to them. And if that's so, you're also constructively possessing. It's beyond me to see how you could have constructive distribution, not have constructive possession. Because in order to distribute, you have to pass the drugs from one person to another. I think that's correct, Your Honor. And I think perhaps even more importantly, the idea of sort of any theoretical non-possession would not apply in this case. There was no dispute that Mr. Banks possessed the methamphetamine at issue here. He was on video running around a hotel with the bags containing methamphetamine. The question about whether or not he distributed would only go to whether he possessed them with the distributed methamphetamine. Let me ask you, when you have constructive amendment, you have to add an offense, don't you? Yes, Your Honor. So the way the court framed this... I'm focusing in on the word offense and the elements of an offense. Yes, Your Honor. So in Whitfield, this court said there needs to be a concern that the defendant is actually convicted of a crime other than that charge of the indictment. So you need to be concerned that there was a conviction of a separate offense. A separate offense. And the question is whether the government takes a position or has a position on whether 841A, which has four different means of trafficking and drugs, are four separate offenses. Your Honor, obviously, as the appellant noted, we didn't brief that specifically in our brief here. What I would submit to the court is that we certainly don't dispute that there are different elements for each of those. Why do you say there are different elements? Because distribution is not specifically an element of possession with intent to distribute, while it would be an element of distribution, and distribution is not specifically an element. That may be a fact, but is it an element? Your Honor, we would submit that distribution is an element of distribution and not possession with intent to distribute, and possession is an element of distribution. That's a mighty strange concession, because I basically give away your case. Your Honor, we don't dispute that the elements might be slightly different, but getting to the point that you're raising... It's not elements of slightly difference. It's whether 841 is a single offense or whether 841 has four offenses. If 841 has four offenses, then he maybe added an offense element here, added an offense here. Your Honor, our position is that there was no constructive amendment because he didn't add a separate offense here. He referenced the or distribution in the context of the proof that needed to be provided for the elements of possession with intent to distribute. I think with respect to the Mathis point, it would be reasonable to look at 841A as including four ways of committing the same offense. Given, however, how this Court has described those offenses, this Court has indicated that there are separate sets of elements for those two offenses. They're very, very closely related, and that's why we have a merger doctrine. We certainly raised that in our brief here, but the idea that these offenses can merge is because they're so very closely related and because there's an enormous overlap in the elements. In many, if not most cases, possession with intent to distribute... I'm sorry, distribution will necessarily imply possession with intent to distribute. So given the fact that the merger doctrine... So in my assault hypothetical, the statute says anyone who assaults, kicks, punches, or slaps another person is guilty and to be sentenced to five years imprisonment. You say that that is four separate offenses? No, Your Honor. I think if you were conducting a categorical approach under Mathis, you would find that those were alternative ways of committing the same offense. Counsel, can I... Let's kind of follow the proposition that there are ways, theoretically, you can distribute without possession. And so, as Appellant says, they're separate offenses. Does it matter that there's no evidence... Let me first ask you, is there any evidence in this record, either from the proof submitted or arguments made by the government, that there was distribution here separate and apart from possession? Your Honor, the evidence in this case indicated that Mr. Banks and a co-conspirator arrived at the Super 8. They had methamphetamine with them. They asked the people already at the Super 8 whether they needed any more meth. And then there was evidence that during the course of that evening, they went to a hotel room and they used the meth that was brought by Banks and his co-conspirator. So there's evidence, I think, that a distribution certainly occurred consistent and together with the possession that was happening. But there's... My question, I might not have asked it very clearly, was there any evidence that Banks did some distribution through an agent or through some third party in a constructive way or anything like that in this case? No, Your Honor. And that's the point I think I was trying to make earlier when, to the extent, any sort of... There's a theoretical basis for finding that distribution can occur without possession. It certainly did not happen on the facts here. And on the record here, it's clear that there was possession and any distribution that occurred would show the distributed intent of that same possession. And did... That's okay. That's what I was... And did the government argue either in opening or closing that Mr. Banks was guilty of distribution based on evidence separate and apart from his possession of the drugs? Not on this count, Your Honor. There was a separate conspiracy count related to possession and distribution. So there was distribution... Not on count 10. Right. But not on count 10. The government argued, and this is a JA-291 and you can look at JA-884 as well, that he was charged with possession with intent to distribute. Our argument was that he possessed with intent to distribute. And then when you get to the instruction, the judge very clearly says, he's being charged with possession with intent to distribute. Here's what you need to think about in terms of the proof that the government presented. And that's where he references distribution. And just those two words, I think, or distributed in this case, in this context, given what the government argued, given what the government proved, I think very clearly is simply a way to consider whether or not there was the distributed intent at issue in this case, not a separate offense. And there's no reason to have any concern that he was actually convicted of a separate offense of something that was not charged in the indictment. Your colleague said, and I can't recall, to be honest with you, whether y'all briefed our Moore decision. Do you know whether you did, and if not, whether you're familiar with that decision? And if you are familiar, do you have a position on how it applies here? Your Honor, we did not cite Moore in our case. I have read Moore. I can't say that I'm prepared to discuss it in depth, but my recollection is that it includes two very similar cases. Two prongs of the same statute, and the court ultimately found that there was not a constructive amendment, and we think that that would be comparable here, and that it would support the argument that the government was making that, sort of in the same way that there's no duplicity, there's no constructive amendment of the indictment in this case. Your Honors, if there are no additional questions with regard to constructive amendment, I'd like to move to the arguments we make about plain error, which would apply only in the instance that the court finds that there was a constructive amendment. And again, our position is that there was no constructive amendment, but even if there was not a constructive amendment, our position is that under a plain error review, which we believe should apply here, the court should not notice the error at a minimum under the fourth prong of the law. The Simmons case was referenced by the appellant in his argument, and there were two 28-J letters that were submitted to the court with respect to Simmons. Simmons of note, in a footnote, makes clear that FLORESCA, which found that per se reversal applies, may no longer be good law. And it declined to reach that question simply because the government didn't ask it to. Our position here, we are specifically asking the court to reach that question if it finds that there was a constructive amendment. And our position is that FLORESCA, to the extent that it requires a per se reversal, is no longer good law under current Supreme Court precedent. And there's, I think, a few cases that I want to highlight, we cited them in our brief, and as well in the 28-J letter that was submitted to the court. United States, the United States, sorry, the Supreme Court in United States v. Young made clear that per se reversal is inappropriate for plain error cases, that it must be done on a case-by-case basis, not on a per se basis. And this court has cited United States v. Young, for example, in Sedell in 1996, echoing that same sentiment that the determination of whether to exercise our discretion to notice plain errors must be made on a case-by-case basis, and that, per se, approach is flawed. It's inappropriate. In addition, given what the court said in Cotton, where there was an indictment error, and the court specifically applied the four prongs of the law and found that under the fourth prong, at a minimum, the court should not notice the error, we think that that's an indication that a constructive amendment would not qualify as the sort of, would not, I'm sorry, that a constructive amendment should be subject to the plain error review, the same sort of review that was at issue in Cotton. The government has drawn a distinction between indictment error and a constructive amendment of the indictment. I think our position would be that they're very, very similar, and frankly, they derive from the same right to have the grand jury identify what charges you'll be convicted of, and in both situations, in a constructive indictment or an indictment error, the problem is that you've been convicted or sentenced or subject to a penalty based on something that the not going to qualify as structural, and it's not the sort of error that would not qualify for a plain error review. Our position is that the same analysis should apply to a constructive amendment. So the government's argument is, position you're taking is that a constructive amendment that broadens and, in fact, adds another element is never per se. Your Honor, given the Supreme Court's recent decision in Greer, our position would be that a constructive amendment is not a structural error and so would not be subject to automatic reversal of the case. Well, it seems to me if the constructive amendment, if the distribution element, as the plaintiff alleges, defendant alleges, is an additional matter that has to be by that. In other words, it would be easier to prove possession with intent to distribute than actual distribution, and so if you add a requirement that the government can show distribution of the offense, it seems to me that benefits the defendant because the additional proof of distribution has to be demonstrated. Your Honor, I think that's exactly right, and so that's not something the grand jury, I mean, the grand jury didn't find that necessary. The grand jury found only possession with intent to distribute, and the district court adds actual distribution. It seems to me that it doesn't violate the grand jury. It hurts the government. Your Honor, and that's why I agree with the premise that Your Honor has put forth, and that's why if this is subject to a plain error analysis, I think it's very clear that there would not be plain error, and that it would not satisfy either the third or fourth prong of the law. We certainly highlighted the fourth prong in our brief. Given, in particular, the evidence on this case, but in general in a situation where you have possession with intent to distribute and a reference to distribution, there's no reason to believe that the outcome in this case would have been any different had the defendant actually stood up and objected and said, please remove the two words or distributed. Counsel, on your argument about whether or not third and fourth prong of the plain error view are applicable, I take it that, I mean, from your brief, that argument is that cotton, in effect, makes floresco untenable. Is that correct? Yes, that's correct, Your Honor. And your colleague mentioned that we have cases since cotton, and they're listed in the briefs. I'm sure you're familiar with them. What's your position on those? Is it your position that those have actively grappled with whether cotton makes floresco untenable, or is it your position that, yes, it has, but those decisions are untenable, too? So, a couple of responses to that, and there are three primary cases that the appellant references, I think, particularly in his reply brief, and it's Robinson, Rendleman, and Whitfield. If you look first at Robinson and Rendleman, they ultimately didn't find a constructive amendment to begin with, and so references to the per se rule, the reference is made in passing. They are arguably dictated in that case simply because there was not actually a to wrestle with how to apply plain error or not apply plain error in a constructive amendment situation. In Whitfield, the government didn't cite to cotton and argued that as a result of cotton, the court, that floresco is untenable. And that's the argument that we're raising here. So, in Whitfield, the court does look at the differences between indictment error and structural amendment, but what I would point to is, there's a couple of things I would point to in addition to cotton, and that includes, for example, what the Supreme Court recently did in Greer, where I think it clarified the landscape a little bit about how limited the nature of structural errors are, and if something is not a structural error, then it is necessarily, it's a constitutional error and necessarily subject to plain error review. And our submission is that's what's happened here. So, when you have United States v. Young saying, don't do per se rules for plain error, and you have Cotton saying an indictment error is subject to plain error review, meaning after Greer that it was not a structural error, and when you have Greer saying that structural errors are very, very limited, it's a small universe in cases, it's the sort of situation where you can no longer have confidence in the entire process that led to the ultimate verdict, and I don't think that we can claim that that's what's happened with the constructive amendment, particularly in this case. So, given that limited nature of what a structural error is, that means that per se, I'm sorry, that means that plain error must necessarily apply, and under a plain error review, this Court, at a minimum, under the fourth prong of a law, should not notice the error. So, when you look at all of that, I think it's clear that Floresca is no longer tenable, and it's worth noting that other circuits after Cotton recognized that, and we cite to, for example, United States v. Jingle, because the Ninth Circuit case in our brief, they recognized that following Cotton, constructive amendments were no longer subject to automatic reversal. So, if that's right, and let's just go to the fourth prong, whether to inquiry whether the evidence of possession with intent to distribute is overwhelming, or is our inquiry whether there is a reasonable, based on the record, there's a reasonable risk that the jury would have found Banks guilty of distribution in a way that didn't involve possession? Your Honor, if we are to the point of the fourth prong of Alano, I think it's primarily the first suggestion that you offered there. And I think that's based on, if you look at how the Court analyzed it in Cotton and in Johnson, for example, they point out to the fact that there was overwhelming and essentially uncontroverted evidence. But that was a different situation. Of course, that was right, because it was the issue that the judge decided in Johnson, materiality, and the issue that the judge decided in Cotton, whether the Apprendi issue, there was just one thing. And so, they looked at whether or not there was evidence of that one thing. Here, the government says there's an additional thing. You've broadened it. And so, would it be appropriate for us to consider the second question I made as well, or I posited as well? Your Honor, yes. The answer to that is yes. And the plain error inquiry, especially on the fourth prong, gives the Court, I think, a lot of latitude for determining when it is appropriate to notice an error and when it's not. So, it certainly would be appropriate to consider, I think, for purposes of plain error. I think the question you raised, whether or not there's any meaningful chance that he was actually convicted of a separate offense. I would point out that that informs the antecedent question as to whether there was a constructive indictment in the first place. But it would be relevant, I think, to the broader consideration of whether to actually notice the error in this case. The other point I would make about plain error is, to the extent this Court gets to a plain error review, the burden is on the appellant in this case. And I think the Court should be aware that the defendant has not made an argument as to why he would satisfy the third or fourth prongs of a lot. Specifically, he has not made an argument as to why he would satisfy the fourth prong of a lot and why the Court should notice this error. So, the considerations that Your Honor raised, I think, are entirely appropriate and consistent with what the Court has done in, for example, Cotton and Johnson. But it's important to note that the defendant bears the burden of showing that plain error, that the Court should notice the error under a plain error review. And given that he has not done that here, I think he's necessarily failed to satisfy his burden, failed to satisfy a plain error. Mr. Jones, if we conclude that Randall is good law and controlling it, do you lose? That Randall is good law? Yeah. And controlling, do you lose? No, Your Honor. I think that... Why not? I think given the factual differences between Randall in the context of this case, even assuming that Randall is good law, this still does not qualify as a constructive amendment of the indictment. Because of what? A lack of what? Prejudice or what? Are you asking... Can you harmonize your case with Randall? Is it because here you're arguing there's a lack of if Randall is controlling? And Your Honor, I see my time has expired. If I could... It has, but you can answer the question. So in Randall, the Court found that there was a constructive amendment of the indictment, and so they automatically reversed it. There was not a sort of a separate plain error analysis. Our position is that Randall is different factually. And in Randall, that qualified as a constructive amendment of the indictment because they brought in specifically a new charge. The Court asked them to consider a new charge because the offense that had been charged actually did not occur. And so they tried to fix that through a constructive amendment of the indictment. We have sort of the reverse of that, the converse of that, where we just have a reference to a separate offense in terms of talking about the proof at issue in this case. And so our position would be that we are distinguishable from Randall because of the facts of our case. In this case... Could not have found distribution and not found possession with intent. What about the facts of this case makes it clear that distribution was clearly found and that a jury could not have misunderstood that there was a delta between distribution and possession with intent to distribute. That delta, if it does exist, might be the prejudice. But tell me why in this case no reasonable juror could have been confused or overly convicted or influenced otherwise by that instruction that distribution is enough, period. Go ahead, tell me. So three responses to that, Your Honor. First of all, I would point to the fact that the evidence in this case showed that Mr. Banks was running around a motel carrying a bag of methamphetamine. Okay, possession. The evidence was the possession. I'm asking you when you answer, focus on distribution first, clear distribution. So, Your Honor, because this case was charged as possession with intent to distribute, the government did not argue that there was, didn't point to specific evidence of distribution. Well, no, then that's what I'm asking you. In this record, where is the evidence of Your Honor, the evidence of distribution would be that after Mr. Banks and his co-conspirator arrived at the motel, the individuals who were already at the motel, who were out of meth at that point, subsequent to Mr. Banks and his co-conspirator's arrival, they were using methamphetamine together in the motel. The evidence would be that Mr. Banks arrived with his co-conspirator, he had methamphetamine, they met up with these other people, they went to the motel, and they were using methamphetamine together. And that's what I'm asking you. Let me address the question in here that's been tossed around all morning. It seems to me that if a statute says, prohibits conspiracy to distribute, then actual distribution proves the case, and there's no delta, so to speak, between the two. In this case, it is not only possession with intent, but it's possession with intent to distribute. So that distribute is actually fulfilled by distribution. It's the same term. And so there would never be a differential between the distribution and actual distribution and with intent to distribute, because it's the same statutory word. And so if there's a theoretical notion where somebody could constructively distribute, then that would also satisfy the possession with intent to distribute, because it would be constructive distribution. I just don't see linguistically or logically how there could be a situation where somebody could distribute but not possess with intent to distribute. And I think the instruction that the court gave reflects that understanding. The question is whether that's wrong. Your Honor, I think we agree with the premise that you've set forth there, that in almost every instance... Not almost. The question is, give me an example where there can be distribution but not possession with intent to distribute. In other words, distribution is the object of the intent, possession. It's like conspiracy to distribute or actual distribution. It's the same act. And so if you have a incomplete act of distribution, that is possession with intent to distribute, certainly when there's actual distribution, that is fulfilled because it's a necessary antecedent that you possess with intent to distribute. In other words, the two words are identical, so there can't be a delta between them. Your Honor, to answer your question, I don't have an example where distribution occurs without possession with intent to distribute. And our position has been that possession in almost every case will necessarily apply, and certainly in this case is going to imply... I'm sorry, distribution will necessarily imply possession with intent to distribute on the facts of this case. And I can't think of... I know the appellant has raised the idea that there are theoretical situations... No, I'm talking only theoretically, and it seems to me it's theoretically impossible. It's an illogical possibility because the object of the possession is distribution. And when there's an actual distribution, it fulfills a possession with intent to distribute or conspiracy, conspiring to distribute. When you actually distribute, you've now fulfilled the potential violation of distribution that's encompassed in possession. Anyway, I think that's correct, Your Honor. I suppose, I mean, the reference has been to the idea of a broker where somebody doesn't have... Well, my point is I agree with that. Let's accept we have brokers, we have sub-brokers that satisfy distribution. But if it satisfies distribution, it's also going to satisfy possession with intent to distribute through brokers, sub-brokers, and all that business. I don't know how far distribution goes, but it's not necessary to distribute. But if it satisfies distribution, it will also satisfy this distribution in the possession with intent to distribute. Your Honor, I think we certainly agree with that, and our position has been... We focus on the facts of this case, that the distribution would necessarily imply possession with intent to distribute, and that's why the best way to understand this instruction is that he was asking the jury to consider what the government would need to prove or had proved in terms of the elements of the crime possession with intent to distribute that was actually very explicitly charged and very explicitly argued. I mean, as a matter of fairness, there's clearly no fairness, unfairness, because it imposes the court's instruction, imposes potentially an additional burden on the government. Correct, Your Honor, which is why if you got to a plain error review, there would be, I think, no prejudice under the third prong and certainly no basis for noticing the error under the fourth prong. Well, that's assuming we have plain error. I'm trying to avoid the plain error notion because there is an argument that a constructive amendment is per se, but I'm saying just fundamental fairness. I'm not sure this expanded the elements or the statute or the proof in any respect. I think the distribution is fairly the completion of the possession with intent to distribute, and so if you accomplish the purpose of the possession with intent to distribute, you clearly have the possession with intent to distribute. And whatever satisfies distribution also satisfies the first one, because the second one is the object of the first. And, Your Honor, we're in agreement with, I think, how you've set that forth there. Your Honor, I assume my time is as long as... Yeah, I'm sorry. I overran. Unless there are additional questions. I withdraw all my questions. Thank you, Your Honor. Thank you, Mr. Jones. Mr. Beers, you have some time reserved. May it please the Court, thank you. I think this case really, in the end, is quite clear, and it's controlled by binding precedent in many ways. For example, Randall, I'd like to read one sentence, the holding, in Randall, 1999. Thus, we conclude that possession with intent to distribute and distribution are necessarily two different offenses. That's the holding of Randall in a published Fourth Circuit decision. All right, let's accept that for the moment. Yes, Your Honor. If the person is charged with possession with intent to distribute, the government only proves distribution. He has necessarily proved possession with intent to distribute, right? No. Well, give me... I mean, it's illogically impossible to find distribution broader than the distribution with intent to distribute. In other words, if you have distribution includes somebody who did it on your behalf. I don't think that works, but let's say that's true. Somebody who did it on behalf of the defendant, that's distribution, then that would be the In other words, you would have somebody that's doing it again on your behalf. You're possessing it with that intent. And so, one is the fulfillment of the other. And necessarily, if the judge tells the jury, if you find distribution, you're necessarily going to find possession with intent to distribute is a logical truth. I mean, I just don't see how you can get around that. However broadly you define distribute, you're going to have to find it for both stack, both offenses, if you say they're two offenses. I agree. They're similar offenses, Judge, but... Not similar. They're identical in distribution. They're talking about the same legal concept, distributing. Whatever distributing means in distribution, it also means in possession with intent to distribute. Every case that has addressed this question agrees with... Let's not rely on a case. Just give me an explanation why that's not true. Give me a circumstance why that's not true. I could give you many, Judge, and I've tried to address these, but for example, someone who brokers a deal never necessarily possesses the dope. Someone who serves as an armed guard never possesses the dope. So, that's what these... All the circuits that have addressed these... I understand, but then that transfers into the other. In other words, they imply constructive possession, don't they? No, that is not constructive possession, Judge. That's where I respectfully differ, and every case in any published decision I've found differs. They haven't cited one case agreeing with His Honor that possession necessarily implies distribution, or distribution, I'm sorry, necessarily implies possession. All the cases come out and reject that argument. They don't. They're just like Randall, our court. Again, we conclude that possession with the intent to distribute and distribution are necessarily two different offenses. So, that's the law on that, and I think I heard them candidly concede that under 841 they're different offenses. So, now we move on to the second question. If they're different offenses, we have a constructive amendment. That's the end of the case. Counsel, do you, on that point, and I take it from what you just said, you don't think it matters, but assume I think it matters whether there's any evidence of distribution separate and apart from possession in this record. Assume that matters. Is there anything in this record where the jury could have found distribution by Mr. Banks where he was not in possession of the drugs with intent to distribute? In this record? Yes. What is that? Give me a JA side or something to that. At the motel that morning, his friend, Mr. Ringley, showed up with him, and Mr. Ringley is a notorious drug dealer, injected himself with drugs and had an overdose. There's no evidence. Nobody saw Mr. Banks distribute any drugs that morning. Yeah, that's right. There's no evidence he distributed, but I think for you to, what I'm trying to figure out, is there any evidence of distribution by Mr. Banks where he was not also in possession with intent to distribute? You've talked about a security guard. You've talked about a broker. You've talked about an agent. There's no evidence of those sort of circumstances in this record, is there? That is true, Your Honor. Those examples don't- And your argument is it doesn't matter because of Floresca, correct? I see my time is up. May I answer the court's question? You may. Thank you, Your Honor. Absolutely, that is my argument because this is- They keep talking about structural error and Greer. That's not a constructive amendment case. In a constructive amendment, the harm is the grand jury didn't assess the evidence, didn't issue an indictment charging him with distribution. So it's a violation of the Sixth Amendment, a per se violation that needs to be corrected. It's the same as if it would be a Sixth Amendment violation if the judge said, you know what, you're just obviously guilty. I'm not going to waste our time with a petty jury. And I understand that. I'm not trying to cut you off. I've read your briefs. But do you have an argument that aside from the fact that this is a per se argument or a per se reversal that you- It's okay, Chief, if I follow up on this. I should have gotten permission. But do you have an argument on this record that if it's not a per se, if Floresca is no longer binding on us, that you are not prejudiced or that this would be some situation that would cause us not to notice the error under Prong 4? They've conceded prejudice. Their only argument is Prong 4, that you shouldn't notice the error because it doesn't disturb the integrity or it doesn't call into question the integrity of the courses. I think it absolutely calls into question the integrity of the court system. The Constitution says every defendant has a right to have the government's evidence presented to a grand jury, and the grand jury must come back with a true bill. That didn't happen in this case. That effectively takes the record of this case and doesn't consider it. Isn't that effectively a per se argument? You're not arguing Prong 4. You're arguing, in effect, we don't look at this record. We don't look at what happened here. By its very nature, this is a per se violation. What the great Judge Hall said in 1994 is still true today. Okay, I get that. Floresca? Yes, sir. I understand. Fair enough. I understand that argument. So that satisfies Prong 4. It satisfies Prong 4 then. It doesn't satisfy Prong 4. It says we don't even look at Prong 4. Because it's such a clear disruption of the Constitution. The Constitution says every defendant must have the evidence presented to the grand jury. The grand jury must come back with a true bill for that charge. Thank you very much. Appreciate it. All right. Thank you, counsel. And Mr. Beers, you, in a very rare thing you did, I'm going to end. We thank you for taking on this quarter point assignment. But you started by thanking us for giving you this assignment. So you get a double whammy there. I say thank you so much. We appreciate it. On behalf of the Fourth Circuit, you're doing that. And Mr. Jones, thank you for ably representing the United States. We can't come down and reach you under the circumstances. But please know that nonetheless, we appreciate your being here. And we wish that you will be safe and stay well. Thank you, counsel. Thank you.
judges: Roger L. Gregory, Paul V. Niemeyer, A. Marvin Quattlebaum Jr.